**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 98-4476

JOHNNY RAY KNIGHT,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., Chief District Judge.
(CR-98-18)

Submitted: February 9, 1999

Decided: February 24, 1999

Before ERVIN and TRAXLER, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas H. Johnson, Jr., GRAY, NEWELL & JOHNSON, L.L.P.,
Greensboro, North Carolina, for Appellant. Walter C. Holton, Jr.,
United States Attorney, Harry L. Hobgood, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Johnny Knight appeals from a district court judgment order entered pursuant to his guilty plea to one count of mail fraud, in violation of 18 U.S.C. § 1341 (1994). Knight was the leader of a conspiracy designed to defraud various merchants in North Carolina and other states by having members of the conspiracy cash phony payroll checks at their establishments. The conspirators opened accounts at several banks in the names of companies that did not exist. Next, the conspirators obtained checks from check printing companies in Ohio and Florida, bearing the names of the fictitious companies and the account numbers of their bank accounts.

The printing companies sent the checks through United Parcel Service, a commercial interstate carrier, to addresses maintained by the conspirators. Knight completed the checks so that they would look like payroll checks. Persons chosen by the conspirators then cashed the checks at retail establishments such as grocery stores. When the banks closed their accounts for insufficient funds, the conspirators opened new accounts and repeated the fraudulent scheme.

On January 27, 1998, Knight and his co-defendants were indicted on three counts of violating the mail fraud statute. Prior to entering his plea, Knight moved to dismiss the indictment on the ground that his conduct did not violate the statute, divesting the district court of jurisdiction over the case. The only issue in this appeal is whether the district court acted properly by denying Knight's motion to dismiss.

Mail fraud requires a showing of (1) knowing participation in a scheme to defraud and (2) a mailing in furtherance of the scheme. 18 U.S.C. § 1341; United States v. Dozie, 27 F.3d 95, 97 (4th Cir. 1994). Knight does not contest the elements that he knowingly participated in a fraudulent scheme or that his scheme involved use of the mail.

2

Rather, he contends that the mailings were not sufficiently closely related to his scheme to bring his conduct within the coverage of the statute. He relies on case authority holding that the mailings in question must aid the execution of the scheme, and cannot occur after the fraud has been completed. See United States v. Maze, 414 U.S. 395, 402-03 (1974).

The Supreme Court has found that the use of the mails need not be an essential element of the scheme, but need only be incidental to an essential part of the scheme. Schmuck v. United States, 489 U.S. 705, 710-11 (1989). In any event, however, the acquisition of the blank checks was certainly essential to Knight's fraudulent scheme. Moreover, the acquisition of the checks through the mail occurred at an early stage of the scheme, long before the scheme reached fruition. Knight's challenge to federal jurisdiction was therefore without merit, and his motion to dismiss the indictment was properly rejected by the district court.

Accordingly, the judgment order of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3